WESTERFIELD v. CENTRAL TRUST CO. OF NEW YORK et al.

(Supreme Court, Special Term, New York County. December 13, 1909.)

1. CONVERSION (§ 16*)—DISCRETIONARY POWER OF SALE.

Where testator empowered his trustees, as they might from time to time deem for the best interests of the estate, to sell, convey, and convert the real estate into money, and invest the proceeds thereof, the power of sale was discretionary, and not mandatory, and hence there was no equitable conversion.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 38–43; Dec. Dig. § 16.*]

2. WILLS (§ 733*)—CONSTRUCTION.

Testator directed his trustees to hold certain property during the lifetime of his widow, and until one of his daughters should arrive at age, or should marry, and directed that on the death of either of his daughters, leaving lawful issue, the trustees should distribute one equal third or share of the trust estate among such issue. *Held*, that the son of one of the daughters, on his mother's death, became vested with an interest in the property.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1824; Dec. Dig. § 733.*]

Action by Jason R. Westerfield against the Central Trust Company of New York and others. Judgment for plaintiff.

Albert Falck, for plaintiff.

Joline, Larkin & Rathbone, for defendant Central Trust Co.

W. R. Westerfield, for defendants Westerfield.

NEWBURGER, J. This action is brought to partition certain land situated in the borough of the Bronx. The plaintiff is the grandson of Jason Rogers, deceased, who was the owner of the property sought to be partitioned. Jason Rogers died on the 25th day of August, 1868, leaving a last will and testament, which was admitted to probate by the surrogate of Westchester county on the 11th day of September, 1868. Letters testamentary were issued to the executors named in the will, and subsequently there were several substitutions of trustees and executors. Jason Rogers left, him surviving, his widow, a son, Thomas Rogers, and two daughters, Mary J. Rogers and Flora E. Rogers. The widow died on or about the 9th day of August, 1891. The daughter Mary J. Rogers, having previously married, died on or about the 16th day of February, 1907, leaving, her surviving, the plaintiff and other children.

After providing for the payment of debts and the distribution of certain personal property, the will provided for the distribution of the income of the estate, and directed the trustees to hold the property during the lifetime of the widow and until the daughter shall arrive at the age of 21 years or shall marry. He further provided, in the seventeenth clause, that on the decease of either of his daughters, leaving lawful issue, the trustees distribute one equal third part or share of the estate so held in trust by them among such issue. By the tenth clause of the will he authorized and empowered the trustees, as they

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

119 N.Y.S.—54

may from time to time deem for the best interest of the estate, to sell, convey, and convert the real estate and invest the proceeds thereof.

The power of sale contained in this will is not mandatory, but discretionary. Therefore there was no equitable conversion. The plaintiff, upon the death of his mother, who was the daughter of Jason Rogers, became vested in a one-ninth interest of the estate, and is entitled to partition.

As to the dispute between the heirs and trustees of Thomas Rogers to a part of the estate, provision may be made in the interlocutory decree providing that one-third of the proceeds should be brought into court to await the disposition of the action now pending between the trustees under the will of said Thomas Rogers and the heirs.

Submit findings and interlocutory decree directing partition.